FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

DEC 18 2019

_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
|  | ) | NO. 3:19-00323 |
| v. | ) | |
|  | ) | 21 U.S.C. § 841(a)(1) |
| CONLEY JOHNSON | ) | 21 U.S.C. § 846 |
| aka "Con" | ) | |

# INDICTMENT

### COUNT ONE

THE GRAND JURY CHARGES:

Beginning not later than on or about May 1, 2019, the exact date being unknown to the Grand Jury, through on or about May 29, 2019, in the Middle District of Tennessee and elsewhere, **CONLEY JOHNSON, aka "Con,"** did combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to knowingly and intentionally distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; and 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

Before the defendant committed the offense charged in Count One, the defendant was convicted of a serious violent felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT TWO

THE GRAND JURY FURTHER CHARGES:

On or about May 14, 2019, in the Middle District of Tennessee, **CONLEY JOHNSON, aka "Con,"** did knowingly and intentionally possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; and a quantity of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

Before the defendant committed the offense charged in Count Two, the defendant was convicted of a serious violent felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT THREE

THE GRAND JURY FURTHER CHARGES:

On or about May 23, 2019, in the Middle District of Tennessee, **CONLEY JOHNSON, aka "Con,"** did knowingly and intentionally possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; and a quantity of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

Before the defendant committed the offense charged in Count Three, the defendant was convicted of a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES:

On or about May 29, 2019, in the Middle District of Tennessee, **CONLEY JOHNSON, aka "Con,"** did knowingly and intentionally possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; and a quantity of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

Before the defendant committed the offense charged in Count Four, the defendant was convicted of a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## CRIMINAL FORFEITURE

1. The allegations contained in this Indictment are re-alleged and incorporated by reference as if fully set forth in support of this forfeiture.

2. Upon conviction of the drug conspiracy charged in Count One of this Indictment, or the drug possession with intent to distribute and/or drug distributions in any one of Counts Two,

Three, or Four, the defendant, the defendant, **CONLEY JOHNSON, aka "Con,"** shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853:

(A) any property constituting, or derived from, any proceeds the person obtained directly or indirectly as a result of said violation; and

(B) any and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of such violation,

including but not limited to a money judgment in an amount to be determined representing the proceeds of the offense, or the property used, or intend to be used, or to commit or facilitate the commission of the offense.

A TRUE BILL

_____
FOREPERSON

DONALD Q. COCHRAN
UNITED STATES ATTORNEY

_____
AMANDA J. KLOPF
ASSISTANT UNITED STATES ATTORNEY

4